HUGH A. EDMONDSON, JR. v. BETTY J. EDMONDSON.

226 N. W. 2d 615.

February 21, 1975—No. 45123.

*Cloutier, Musech, Diker & Berde, Cortlen G. Cloutier,* and *Robert M. Spector,* for appellant.

*Popham, Haik, Schnobrich, Kaufman & Doty* and *Loren Tucker,* for respondent.

Heard before Otis, Peterson, and Kelly, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff, Hugh A. Edmondson, Jr., and defendant, Betty J. Edmondson, were divorced from each other in 1971. As part of the judgment and decree of divorce, and pursuant to a stipulation of the parties, plaintiff executed a trust agreement.

By this agreement, plaintiff, as donor, turned $400,000 in assets over to defendant and Northwestern National Bank of Minneapolis as cotrustees. In addition to defendant's right to receive the income of the trust, the trust instrument provided, *inter alia,* that the corporate trustee shall pay such amounts of principal to defendant as the corporate trustee "deems necessary or advisable to provide for her care, support, maintenance and general welfare * * *. It is intended that the Trustee shall maintain the present standard of living" of defendant and her daughters. The corporate trustee is also required to provide a written annual account of the administration of the trust to defendant and to each child upon her reaching the age of 21.

After defendant refused to accede to plaintiff's request for a report on the status of the trust account, in December 1973 plaintiff served upon her a motion for an order requiring the corporate trustee to render an account of the administration of the trust to plaintiff as special guardian of the parties' children. Plaintiff's motion also sought amendment of the divorce decree to require defendant to provide plaintiff copies of any accounts issued by the corporate trustee. Attached to the motion was an affidavit of plaintiff's attorney alleging that the corporate trustee was allowing excessive withdrawals from the corpus of the trust, thereby jeopardizing the future interests of the children.

The hearing on this motion focused on the question of whether the trust was intended to be a property settlement, or whether it was intended to provide for the support of the minor children. Plaintiff argued that the trust was intended to provide for the care and maintenance of the minor children, and that, therefore, the family court had authority to modify the original divorce decree to provide the relief requested. Minn. St. 518.64. Defendant asserted that the trust was a property settlement between the parties and that its provisions cannot now be amended. Minn. St. 518.64. The family court granted plaintiff's motion for amendment of the decree to require that annual accountings be made available to him, and defendant appealed.

We do not believe that the remedy sought by plaintiff is appropriate. Plaintiff is not contesting the legality of the creation of the trust, nor does he contend that either the language of the trust agreement or the assets of the trust should be other than they are. Plaintiff has no personal interest in the trust, either at the present time or at any time in the future. By the language of the trust instrument itself, plaintiff has retained "no reversionary interest in either the corpus or the income of this trust."

Plaintiff is concerned, however, that the trustees are not abiding by the terms of the trust instrument, and that, as a result, the future interests of his children will be adversely affected. The real issue, then, does not go to the creation of the trust; rather, it is purely a question of trust administration.

Rather than treating the question as one of trust law, however, plaintiff has treated the problem as one of divorce law. Plaintiff here seeks to amend a previous divorce decree so as to challenge the administration of a trust created in contemplation of and incorporated into that decree. But once a trust has been created, it becomes a legal entity unto itself and is subject to judicial supervision and scrutiny under established doctrines of trust administration. Any question of trust administration, therefore, is no longer an issue simply incidental to the original decree of divorce.

District courts in this state have been statutorily granted in rem jurisdiction over express trusts. Minn. St. 501.33; LaBelle v. LaBelle, 302 Minn. 98, 223 N. W. 2d 400 (1974). This arrangement has the advantage of avoiding a multiplicity of conflicting suits, of being able to protect all present and future beneficiaries of each trust, and of insuring proper and efficient administration of trusts. If plaintiff's claims are meritorious, he has adequate remedies available to him by utilizing this jurisdiction.

Plaintiff's proposed amendment is also overbroad. Since plaintiff has no personal interest in the trust, he must be considered to be acting in the interests of his minor children. Nonetheless, the relief sought by plaintiff would continue to entitle him to annual accountings of the trust indefinitely. Plaintiff has alleged no need, once the trust instrument is judicially construed, to continue to receive accountings. Once the children are no longer minors, or in the event the court appoints for them a different guardian, then plaintiff again has no recognizable interest in obtaining the accountings.

Minnesota has a policy interest in making divorce decrees, like all final judgments, settled and conclusive, save for well-recognized exceptions. When a party tries to reopen a settled decree for purposes of making an unnecessary, overbroad, and inappropriate modification, then that motion should be denied.

We intimate no opinion as to whether the trust in question was created as a property settlement or as a provision of support for the minor children of the parties. We hold, rather, that the remedy sought by plaintiff is overbroad, inappropriate, and not properly incidental to a decree of divorce. Accordingly, the decision of the trial court is reversed.

Reversed.